# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LEE EDWARD BOYD, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> JOE M. ALLBAUGH, Interim Director, ) <br> Oklahoma Department of Corrections, ) <br> ) <br> Respondent. ) | Case No. CIV-15-1236-HE |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, brings this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the Court is Respondent's Motion to Dismiss Petition [Doc. Nos. 8-9] as time-barred by the applicable statute of limitations to which Petitioner has filed a Response [Doc. No. 10]. The matter has been referred by Chief United States District Judge Joe Heaton for proposed findings and recommendations consistent with 28 U.S.C. § 636(b)(1)(B) and (C). For the reasons set forth below, it is recommended that Respondent's Motion be denied. It is further recommended that Respondent be directed to file a further response to the Petition within thirty days of any order adopting this Report and Recommendation.

### I. Factual Background / Petitioner's Claims

Petitioner was convicted of one count of First Degree Rape, five counts of Lewd Acts with a Child under Sixteen, and one count of Indecent Exposure in Case No. CF-2007-53, District Court of Noble County, State of Oklahoma. Petitioner appealed his conviction to the

Oklahoma Court of Criminal Appeals (OCCA) and the OCCA affirmed his conviction on June 24, 2009. *See* OCCA Summary Opinion [Doc. No. 9-2].[1]

On two prior occasions Petitioner has filed federal habeas corpus petitions in this judicial district challenging his Noble County conviction and sentence. In the first action, the petition contained claims that had been exhausted in the Oklahoma courts and claims that remained unexhausted. Because Petitioner presented a mixed petition, the action was dismissed without prejudice on September 30, 2010. *See Boyd v. Jones*, Case No. CIV-10-378-M, Judgment [Doc. No. 14] (*Boyd I*).[2] Petitioner filed the second action on December 13, 2012. *See Boyd v. Jones*, Case No. CIV-12-1385-HE, Petition [Doc. No. 1] (*Boyd II*). He raised a single ground for relief, claiming that his conviction violated his federal due process rights because the evidence was insufficient to support the conviction. *See id.,* Report and Recommendation (July 29, 2013) [Doc. No. 19] at p. 3. On November 12, 2013, the court determined that the claim was unexhausted and dismissed the petition without prejudice to refiling. *See id*. Order and Judgment [Doc. Nos. 20, 21].

On November 5, 2015, Petitioner filed the instant petition. *See Boyd v. Jones*, Case No. CIV-15-1236-HE, Petition [Doc. No. 1] (*Boyd III*). Petitioner raises the following grounds for

---

[1] Petitioner raised three claims on direct appeal challenging: (1) the introduction of other crimes evidence; (2) alleged prosecutorial misconduct; and (3) failure to instruct the jury on corroboration of the testimony of the accusing witnesses. *See* OCCA Summary Opinion at p. 2.

[2] Petitioner raised the following claims in *Boyd I*: (1) the test "of molestation . . . came back negative"; (2) the Assistant District Attorney said the evidence of other uncharged crime was evidence of a pertinent character trait; (3) Petitioner was not allowed to have any witnesses testify on his behalf and he was not allowed to take a lie detector test; and (4) one of the witnesses admitted to making previous unfounded claims of molestation and this information was not brought to the attention of the jury. *See id*., Report and Recommendation [Doc. No. 12] at p. 2 (setting forth claims).

federal habeas relief: (1) "improper results on test of molestation"; (2) "no thorough investigation"; (3) witnesses were not allowed to testify on Petitioner's behalf at trial and he was not allowed to take a lie detector test; and (4) failure to instruct the jury and/or present evidence that one of the victims had made prior unfounded allegations of molestation against other persons. *See* Petition at pp. 5-10.[3]

Respondent seeks dismissal of the Petition as untimely under 28 U.S.C. § 2244(d)(1)(A). Although Petitioner left blank the section of the form petition addressing the timeliness of his claims for federal habeas corpus relief, *see* Petition at p. 13, in his Response Petitioner claims he is entitled to statutory tolling of the limitations period due to pending post-conviction proceedings in the Oklahoma courts. *See* Response at p. 2.[4] But Petitioner further asserts in wholly conclusory fashion that he has a new claim to exhaust in state court and requests that this action be dismissed without prejudice. *See id.* at p. 2.

The Court directed Respondent to provide supplemental briefing to address factual and legal issues raised by the Motion to Dismiss with respect to the timeliness of the Petition. *See* Order [Doc. No. 11]. Respondent submitted a Supplement to Motion to Dismiss (Supplement) [Doc. No. 12]. Petitioner then filed a further Response (Supplemental Response) [Doc. No. 13] to the Motion and again alleges "newly discovered evidence" of his actual innocence. He now submits two affidavits in support and "[asks] this Court to determine if he can assert in the

---

[3] Citations to the parties' filings reference the Court's ECF pagination.

[4] Petitioner states that he is entitled to "equitable tolling" but references his state court post-conviction filings. Thus, it appears Petitioner intended to claim a right to statutory tolling, not equitable tolling. Because the Court finds statutory tolling renders the Petition timely, the Court need not address whether equitable tolling is available.

3

instant petition Newly Discovered Evidence" or whether the Court should dismiss the action and allow Petitioner to exhaust the claim. *See* Supplemental Response at p. 2.[5]

For the reasons discussed below, the Court finds the Petition is timely filed and, therefore, Respondent's Motion to Dismiss should be denied. The Court further finds that Petitioner's request to dismiss the Petition so that he can exhaust a claim of actual innocence based on newly discovered evidence should be denied and that Respondent should be directed to further respond to the Petition within thirty days of any order adopting this Report and Recommendation.

## II.     Analysis

### A.     The Petition is Timely Filed

A habeas petition generally must be filed within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *see also Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). The OCCA entered its order affirming Petitioner's conviction and sentence on June 24, 2009. *See* OCCA Summary Opinion [Doc. No. 9-2]. Petitioner's conviction became final ninety days later on September 22, 2009. *See Locke v. Saffle*, 237 F.3d 1269, 1272 (10th Cir. 2001); *see also Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009) (for purposes of § 2244(d)(1)(A), direct review does not conclude until the "availability of direct appeals to state courts, and to [the Supreme] Court, has been exhausted") (citations omitted). Petitioner, therefore, had until September 23, 2010 to file a federal habeas petition. *See United*

---

[5] Petitioner has not requested leave to amend the Petition to assert the new claim. It appears amendment would be futile. As discussed infra, Petitioner's claim of actual innocence, if even cognizable, is wholly conclusory and based on the same allegations as claims presented in the Petition. Moreover, the evidence he relies upon is not "new" evidence.

4

*States v. Hurst*, 322 F.3d 1256, 1260–61 (10th Cir. 2003). Because the instant Petition was not filed until over five years later, on November 5, 2015, this action is time barred absent statutory tolling of the limitations period.

**Statutory Tolling**

Petitioner is not entitled to any statutory tolling of the limitations period during the pendency of *Boyd I* and *Boyd II*, his previously filed federal habeas corpus actions. *See Duncan v. Walker*, 533 U.S. 167 (2001). But Petitioner is entitled to statutory tolling of the limitations period for any time during which a properly filed application for state post-conviction relief is pending. *See* 28 U.S.C. § 2244(d)(2) ("[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation"). The parties dispute the period of time during which statutory tolling may be available to Petitioner.

Petitioner first sought collateral review of his conviction when he filed a Pro Se Motion for Suspended Sentence on July 7, 2009, pursuant to Okla. Stat. tit. 22, § 994.[6] He filed a second

---

[6] Section 994 provides:

> After appeal, when any criminal conviction is affirmed, either in whole or in part, the court in which the defendant was originally convicted may suspend the judgment and sentence as otherwise provided by law. Jurisdiction for such suspension shall be vested in said trial court by a request by the defendant within ten (10) days of the final order of the Court of Criminal Appeals. Any order granting or denying suspension made under the provisions of this section is a nonappealable order.

Okla. Stat. tit. 22, § 994. The Court assumes that Petitioner's motion for suspended qualifies as "other collateral review" for purposes of § 2244(d)(2). *See Hackett v. Parker*, No. 11-CV-322-GFK, 2012 WL 1029545 at *4 (N.D. Okla. March 26, 2012) (unpublished op.) (finding a motion for a suspended sentence filed under Oklahoma law pursuant to Okla. Stat. tit. 22, § 994 qualifies as "collateral review" for purposes of statutory tolling). Respondent does not contend otherwise. *See* Motion at pp. 5-6.

5

Pro Se Motion for Suspended Sentence on December 2, 2009. *See* Motions [Doc. Nos. 9-3 and 9-4]. The Noble County District Court denied such relief to Petitioner on December 4, 2009. *See* Minute Entry [Doc. No. 9-5].

Respondent is correct that no statutory tolling is available to Petitioner for the time period during which his motions for suspended sentence were pending. Oklahoma law requires a motion for suspended sentence to be filed "within ten days of the final order of the Court of Criminal Appeals." *See* Okla. Stat. tit. 22, § 994, supra, footnote 5. Petitioner's ten-day period expired on July 4, 2009, a Saturday and a legal holiday.[7] Therefore, he was required to file his motion for suspended sentence on or before Monday, July 6, 2009.[8] Because Petitioner's first motion was not filed until July 7, 2009 it was untimely and, therefore, not "properly filed" as required by § 2244(d)(2).

Because the motions for suspended sentence did not toll the limitations period, the one-year period commenced running on September 23, 2009. After 278 days had elapsed, the limitations period was tolled on June 28, 2010, when Petitioner filed his first application for post-conviction relief. *See* Application for Post-Conviction Relief [Doc. No. 9-6] (First Application). The Noble County District Court denied the First Application on August 30, 2010. *See* Order Denying Application for Post-Conviction Relief [Doc. No. 9-7].

---

[7] It appears this legal holiday was observed on Friday, July 3, 2009, and therefore the courthouse would have been open the following Monday, July 6, 2009. *See* https://www.ok.gov/conservation/documents/2009%20Holidays.pdf.

[8] State law determines whether an application is properly filed for purposes of statutory tolling. *Loftis v. Chrisman*, 812 F.3d 1268, 1272 (10th Cir. 2016). "The OCCA does not use a prison mailbox rule, so a document will not be considered filed until it has actually been received by the court. *Id.* at 1271 (*citing Moore v. Gibson*, 27 P.3d 483, 488 (Okla. Crim. App. 2001)).

6

The time to appeal the denial of collateral relief also tolls the limitations period, even if no appeal is taken. *See Gibson v. Klinger*, 232 F.3d 799, 804 (10th Cir. 2000). Thus, the limitations period would not have commenced running again until October 1, 2010, when the thirty-day period within which to file an appeal had expired. *See* Okla. Stat. tit. 22, ch. 18, app. R. 5.2(C)(1).

The record also shows, however, that Petitioner filed a second application for post-conviction relief on September 1, 2010. *See* Application for Post-Conviction Relief [Doc. No. 9-8] (Second Application). Dispositive to Respondent's statute of limitations defense is whether the Second Application operates to further toll the limitations period. If the Second Application does not operate to toll the limitations period, then the limitations period expired on December, 27, 2010. Petitioner did not seek any further post-conviction relief until August 5, 2011. *See* Application for Post-Conviction Relief [Doc. No. 9-9] (Third Application). Because the Third Application (and additional applications filed thereafter) was not filed until after the expiration of the limitations period, it would not provide a basis for any additional tolling. *See, e.g., Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed within the one-year allowed by [§ 2244(d)] will toll the statute of limitations.").

In his Supplement, Respondent concedes that pursuant to Tenth Circuit precedent, as set forth in *Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000), the Second Application is "properly filed" for purposes of 28 U.S.C. § 2244(d)(2). *See* Supplement at p. 1, ¶ 1. Respondent also concedes that "[n]o order filed in *Boyd v. State*, CF-2007-53, District Court of Noble County, State of Oklahoma, expressly denies Petitioner's [S]econd

[A]pplication." *See id.*, ¶ 2. In other words, the Second Application is both "properly filed" and "pending" satisfying the requirements for statutory tolling under § 2244(d)(2).[9]

Respondent contends two factors dictate against allowing the Second Application to statutorily toll the limitations period. First, Respondent relies on the duplicative nature of the claims raised in the First and Second Applications and contends that the "the district court's ruling on Petitioner's [F]irst [A]pplicaton . . . effectively denied Petitioner's [S]econd [A]pplication as well." *See* Supplement at p. 2. Second, Respondent relies upon the statement made by Petitioner in responding to the motion to dismiss that he filed a third post-conviction application on August 5, 2011 "*in lieu of* unaddressed post conviction filed September 1, 2010." *See* Petitioner's Response at p. 2 (emphasis added). Consequently, Respondent posits that Petitioner abandoned his Second Application and further states that the "Oklahoma state courts in this instance *appear* to agree by never expressly ruling upon Petitioner's second application." *See id*. at p. 5 (emphasis added).[10]

Petitioner filed a total of five post-conviction applications and raised virtually identical claims in all five applications. *See* Post-Conviction Applications: First Application [Doc. No. 9-6 (June 28, 2010)]; Second Application [Doc. No. 9-8 (Sept. 1, 2010); Third Application [Doc.

---

[9] In *Boyd II*, Respondent advised the court that the state district court had not ruled on the Second Application. *See id*. Report and Recommendation (July 20, 2013) [Doc. No. 19] at pp. 2-3. The Magistrate Judge recommended dismissal of the petition on exhaustion grounds based, in part, on the pendency of the Second Application. *See id*. at p. 5; *see also* Order (Nov. 12, 2013) [Doc. No. 20] (adopting Report and Recommendation).

[10] Respondent also contends that the Second Application was a request by Petitioner to file an appeal out of time. But nothing set forth in the Second Application indicates Petitioner requested such relief. Indeed, in every subsequent post-conviction application Petitioner included a handwritten notation of "out of time" as part of the heading. In any event, Respondent fails to demonstrate the significance of characterizing the Second Application as a request to file an appeal out of time.

8

No. 9-9 (Aug. 5, 2011)]; Fourth Application [Doc. No. 9-10 (Jan. 29, 2015)]; and Fifth Application [Doc. No. 9-11 (April 21, 2015)]. Although the state district court did not ever rule upon Petitioner's Second Application, the state district court did rule upon at least some of the post-conviction applications filed thereafter, even though those applications likewise contained the same duplicative claims. Indeed, as recently as May 1, 2015, the state district court denied Petitioner's Fourth Application. *See* Order [Doc. No. 1-7 at pp. 15-16]. And on July 7, 2015, the OCCA affirmed the denial of post-conviction relief on Petitioner's Fourth Application. *See* OCCA Order [Doc. No. 1-7 at pp. 17-20]. Nothing in the record suggests that any of the applications were stricken based on the district court having ruled on identical issues in its order denying the First Application.[11]

Petitioner's statement that he filed a Third Application "in lieu of" the Second Application is not dispositive. Nothing in the state court record shows that Petitioner withdrew the Second Application or otherwise notified the state court that he no longer intended to pursue post-conviction relief through that application. And nothing in the state court record indicates the state district court has treated the Second Application as withdrawn.

As directed by the Court, Respondent has addressed the applicability, if any, of the Tenth Circuit's decision in *Fisher v. Raemisch*, 762 F.3d 1030 (10th Cir. 2014) to the facts of this case. Respondent contends *Fisher* is inapposite and that the issue presented here is more properly governed by an earlier unpublished Tenth Circuit decision, *Stevens v. Medina*, 438 F. App'x 700 (10th Cir. 2011). Both of these cases, however, rely on special rules under Colorado's post-

---

[11] The Court takes judicial notice of the docket in *Boyd v. State of Oklahoma*, Case No. CF-2007-53, District Court of Noble County, State of Oklahoma, available at http://www.oscn.net. The docket likewise contains no entry to indicate any of the subsequent post-conviction applications have been stricken as duplicative, or on any other grounds.

9

conviction procedures that impacted the availability of statutory tolling. Therefore, the Court finds neither decision is particularly helpful to the outcome of this case.

In *Stevens*, the court was called upon to decide whether an application was "properly filed" for purposes of § 2244(d)(2), an issue governed by state law. *See Loftis*, 812 F.3d at 1272.[12] And, in *Fisher*, the court was called upon to decide when an application is "pending" for purposes of § 2244(d)(2), an issue governed by federal law. *See Gibson v. Klinger*, 232 F.3d at 806.

In *Stevens*, the court found the petitioner had abandoned a state post-conviction motion and therefore, the motion was not "properly filed" and did not statutorily toll the limitations period. *Id.*, 438 F. App'x at 704. To reach this conclusion, the court relied upon Colorado law which placed a burden upon the petitioner "to move the postconviction process along." 438 F. App'x at 703. Rather than pursue resolution of the claims raised in the post-conviction motion, the petitioner filed a new motion raising duplicative claims several years later. Applying Colorado law, the Tenth Circuit concluded that the petitioner's failure to take reasonable efforts to "secure an expeditious ruling" constituted an abandonment of the first post-conviction motion. *Id.* at 703. Respondent points to no similar "abandonment" principles under Oklahoma law, nor has the Court's research revealed any such principle. Thus, *Stevens* is not persuasive to the issue this Court confronts.

*Fisher* is also distinguishable. In *Fisher*, the petitioner filed only one post-conviction application which remained pending in the Colorado state courts for nearly eleven years, from 2001 to 2012. The post-conviction application was ultimately ruled upon by the state courts.

---

[12] Because Respondent concedes the Second Application is properly filed, his reliance on *Stevens* is curious.

10

The Tenth Circuit rejected the respondent's argument that the petitioner had, under Colorado law, abandoned the application in 2004 because he waited too long to request an expeditious hearing. The Tenth Circuit held that "the application continued to 'pend' regardless of whether the state courts could or should have found abandonment" because "[b]y any conceivable measure, the state courts treated Mr. Fisher's post-conviction proceedings as an ongoing controversy when they reached the merits[.]" *Fisher*, 762 F.3d at 1035. As the court explained: "[t]olling turns on whether there was any action remaining in state court after October 28, 2014" (the alleged date of abandonment).

Here, the Court is not addressing the pendency of a single post-conviction application but instead is addressing the effect of a subsequent post-conviction motion raising duplicative claims. But to the extent the rationale of *Fisher* can be applied to the facts of this case, the rulings by the state district court and the OCCA as to subsequent, duplicative post-conviction motions filed by Petitioner demonstrate that the state courts have treated Petitioner's post-conviction proceedings as on-going.[13] Under these unique circumstances, the Court finds Petitioner is entitled to statutory tolling of the limitations period based on the Second Application.

As a practical matter, the result reached here is undesirable. *See, e.g., Gibson*, 232 F.3d at 807 (recognizing that "[a] prisoner should not be able to take advantage of state law procedures by repeatedly beginning a process and abandoning it" and that the definition of "pending" should "encourage exhaustion of state court remedies without allowing prisoners to

---

[13] As detailed in the Court's Order [Doc. No. 11] directing Respondent to supplement the Motion, in *Boyd II*, Respondent has previously characterized the Second Application as "pending" stating that Petitioner "continues to litigate" certain issues in "his second application for post-conviction relief." *See id* at p. 2, footnote 2 (citation omitted).

11

toll the limitations period indefinitely"). Petitioner's conviction became final more than five years before he filed the present action and Petitioner has been in and out of this Court multiple times in the interim seeking federal habeas corpus relief. But the state district court should have, and could have, readily dispensed with the Second Application. For unascertainable reasons, it did not. Indeed, given the duplicative nature of Petitioner's state court filings, the state courts could have halted those filings by sanctioning Petitioner. *See, e.g.*, *Parker v. Province*, 339 F. App'x 850, 852 (10th Cir. 2009) (recognizing that "Oklahoma law allows the court to impose certain specified sanctions on inmates who file frivolous applications [for post-conviction relief]."); *see also Berryhill v. State*, 43 P.3d 410 (Okla. Crim. App. 2002) (affirming district court's imposition of sanctions due to frivolous and vexatious nature of post-conviction filings). But instead, the state courts continued to rule upon Petitioner's duplicative post-conviction applications. Because the Second Application is still pending in the state district court, Respondent's motion to dismiss the Petition as untimely pursuant to 28 U.S.C. § 2244(d)(2) should be denied.[14]

B. **Petitioner's Request to Dismiss the Petition Should Be Denied**

In addition to responding to the merits of the statute of limitations defense raised by Respondent, Petitioner has requested, as an alternative form of relief, that he be permitted to dismiss this action. Petitioner claims that he wants to exhaust state court remedies as to a claim not asserted in the Petition. Petitioner contends newly discovered evidence establishes his actual

---

[14] Although the claims raised in the Second Application remain pending in state court, it appears they would be subject to an anticipatory procedural bar. *See Cummings v. Sirmons*, 506 F.3d 1211, 1223 (10th Cir. 2007). Notably, the OCCA affirmed the denial of Petitioner's Fourth Application on grounds no new claims had been raised that either were not raised on direct appeal or could have been raised on direct appeal and were not. *See* OCCA Order [Doc. No. 1-7].

innocence. Although not cited by Petitioner, his request to dismiss this action is governed by Fed. R. Civ. P. 41(a)(2).[15]

Generally, a dismissal under Rule 41(a)(2) is addressed to the sound discretion of the court and dismissal should be granted unless the opposing party will suffer legal prejudice. *See Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997). The Tenth Circuit has adopted a non-exhaustive list of factors to be considered: (1) the non-moving party's effort and expense of preparation for trial; (2) the moving party's delay and lack of diligence in prosecuting the action; and (3) insufficient explanation for the need to allow a dismissal. *Clark*, 13 F.3d at 1411; *see also Phillips USA, Inc. v. Allflex USA, Inc.*, 77 F.3d 354, 358 (10th Cir. 1996). "These factors need not all be resolved in favor of the moving party for dismissal to be appropriate; likewise,

---

[15] Pursuant to Rule 12 of the Rules Governing Section 2254 Cases in the United States District Courts (Section 2254 Rules), the Federal Rules of Civil Procedure apply but only "to the extent that they are not inconsistent with any statutory provisions or these rules[.]" The Tenth Circuit has applied Fed. R. Civ. P. 41 to habeas corpus proceedings. *See Clark v. Tansy*, 13 F.3d 1407 (10th Cir. 1993). A dismissal pursuant to Rule 41(a)(1)(A)(i) requires no further action from the Court but must be made "before the opposing party serves either an answer or a motion for summary judgment." *See* Fed. R. Civ. P. 41(a)(1)(A)(i); *see also Janssen v. Harris*, 321 F.3d 998, 1000 (10th Cir. 2003). Conversely, Rule 41(a)(2) allows the dismissal of the action at Petitioner's request "only by court order" and requires the Court to consider, inter alia, whether dismissal would be prejudicial to the opposing party. *See* Fed. R. Civ. P. 41(a)(2); *see also Clark*, 13 F.3d at 1411. Although Respondent's filing is labeled as a motion to dismiss, the Court finds Rule 41(a)(2) properly governs Petitioner's request to dismiss the Petition due to the interplay between the Section 2254 Rules and the Federal Rules of Civil Procedure. Significantly, Rule 5 of the Section 2254 Rules expressly states that the "answer . . . must state whether any claim in the petition is barred by . . . a statute of limitations." *See id.*; *see also* Fed. R. Civ. P. 8(c) (recognizing the bar of a statute of limitations as an affirmative defense to be raised in a responsive pleading). Moreover, whether this action is timely is not apparent from the face of the Petition and the attachments thereto. Respondent's Motion relies on additional matters outside the pleadings which the Court has considered. Therefore, the Motion is properly converted to a motion for summary judgment. *See* Fed. R. Civ. P. 12(d). Accordingly, Petitioner's request to dismiss the Petition is governed by Rule 41(a)(2).

13

they need not all be resolved in favor of the party opposing the motion to dismiss." *Phillips*, 77 F.3d at 358.

Here, Respondent has expended considerable time in addressing the statute of limitations defense – a potentially case dispositive issue. Not only did Respondent raise this affirmative defense and submit thorough briefing on the issue, but Respondent was required to submit supplemental briefing as directed by the Court.

Additionally, although Petitioner has continuously submitted filings in both state and federal court challenging his conviction and sentence, as discussed above, the state court filings have been duplicative and the federal court filings have been piecemeal.[16] Thus, Petitioner has not been particularly diligent in pursuing his claims despite the continuous nature of his filings.

Moreover, Petitioner has provided an insufficient explanation as to the need for a dismissal. Petitioner contends his claim of actual innocence is based on newly discovered evidence. But the affidavits of the family members he submits in support of this claim belie such an assertion.[17]

One affidavit is submitted by his brother, Raymond Boyd, who states that he is the father of the two sexual abuse victims in this case. The affidavit of Raymond Boyd is self-defeating as to a claim based on "newly discovered" evidence. The affidavit states that "*over a period of*

---

[16] As set forth above, this is Petitioner's third habeas action filed in this Court challenging his state court conviction in *State of Oklahoma v. Boyd*, Case No. CF-07-53, District Court of Noble County, State of Oklahoma. Petitioner's prior habeas actions, *Boyd I* and *Boyd II*, were dismissed without prejudice to allow Petitioner to exhaust state court remedies.

[17] Petitioner appears to assert a freestanding constitutional claim of actual innocence as he does not identify any other constitutional claims in support of his request for a dismissal of the action. Of course, "[t]he Supreme Court has "not resolved whether a prisoner may be entitled to habeas relief based on a freestanding claim of actual innocence." *Doe v. Jones*, 762 F.3d 1174, 1176 n. 5 (10th Cir. 2014) (citations omitted).

14

*7(seven) years*" he has discovered that the accusations made against Petitioner are false. *See* Affidavit of Raymond Body [Doc. No. 13-1] (emphasis added). Additionally, the affidavit is wholly conclusory and merely repeats prior claims brought by Petitioner premised on the alleged false testimony of the victims and/or their mother.

Similarly, the second affidavit, submitted by Frankie Lee Boyd, the father of Petitioner, fails to establish the evidence is "newly discovered." *See* Affidavit of Frankie Lee Boyd [Doc. No. 13-2]. Frankie Lee Boyd describes statements the alleged victims made to him about a male babysitter who allegedly sexually abused them and states that he had not paid much attention to these statements until he was "reading court papers." *See id*. The affidavit fails to demonstrate this evidence is newly discovered, admissible, or sufficient to establish Petitioner's actual innocence. *See Doe*, 762 F.3d at 1183 (recognizing that a freestanding claim of actual innocence requires "more convincing proof" than a gateway claim and that a gateway claim requires the petitioner to demonstrate it is more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt) (citations omitted).

In sum, the circumstances of this case fail to demonstrate that Petitioner has unwittingly fallen into a procedural trap created by the intricacies of habeas corpus law." *Clark*, 13 F.3d at 1409. Petitioner's claim of actual innocence is not based on newly discovered evidence but on conclusory assertions of family members made nearly seven years after Petitioner's conviction became final and just a matter of months after the instant Petition was filed. *See Doe*, 762 F.3d at 1183 (diligence bears on reliability of actual innocence claim as does the timing of the submissions and the likely credibility of the affiants) (citations omitted). And, the factors discussed dictate against allowing Petitioner to dismiss the instant Petition to exhaust a

15

freestanding claim of actual innocence not presently asserted. In reaching this conclusion, no single factor is dispositive; rather, the Court has considered all factors in totality.

## RECOMMENDATION

It is recommended that Respondent's Motion to Dismiss [Doc. Nos. 8-9] be denied. It is further recommended that Petitioner's request to dismiss this action without prejudice, construed as a request governed by Fed. R. Civ. P. 41(a)(2), be denied. Finally, it is recommended that Respondent be directed to further respond to the Petition within thirty days of any Order adopting this Report and Recommendation, consistent with the Court's prior Order [Doc. No. 6].

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by April 14, 2016. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation, if adopted, does not dispose of all matters referred by the Chief District Judge in this case.

ENTERED this 24th day of March, 2016.

_____
BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE