## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

LEE EDWARD BOYD.

|                                                        |   |                        |
|--------------------------------------------------------|---|------------------------|
| Petitioner,                                            | ) |                        |
|                                                        | ) |                        |
| vs.                                                    | ) | NO. CIV-15-1236-HE     |
|                                                        | ) |                        |
| JOE M. ALLBAUGH, Interim Director,                     | ) |                        |
| Oklahoma Department of Corrections,                    | ) |                        |
|                                                        | ) |                        |
| Respondent.                                            | ) |                        |

## ORDER

Petitioner Lee Edward Boyd, a state prisoner appearing pro se, filed a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Consistent with 28 U.S.C. §636(b)(1)(B) and C, the matter was referred to Magistrate Judge Bernard M. Jones for initial proceedings. Respondent move to dismiss the petition, claiming it was barred by the statute of limitations, and petitioner sought leave to dismiss the action without prejudice to exhaust an actual innocence claim, which he asserts is based on newly discovered evidence. The magistrate judge recommends that respondent's motion be denied. He also recommends that petitioner not be allowed to dismiss the petition. Only respondent filed an objection to the Report and Recommendation.

Respondent asserts that petitioner's claims are untimely because he is not entitled to statutory tolling for the period of time that his second post-conviction application has been pending. He contends that, because petitioner's second application raises the same propositions as his first application, which the state district court did rule upon, the purpose of statutory tolling – to allow for the proper exhaustion of claims within the state court

system prior to seeking habeas relief in federal court – has been served.

The court agrees with the magistrate judge that because petitioner's second application is still pending in the state district court, respondent's motion to dismiss the habeas petition as untimely, pursuant to 28 U.S.C. § 2244(d)(2), should be denied. Admittedly, respondent's argument that "[g]ranting Petitioner statutory tolling for his second post-conviction application is inequitable because Petitioner's aim, at the time he completed his second application, was to simply force the district court to rule upon his first application . . . ." Doc. #15, p. 6, has some appeal. The magistrate judge noted that, "[a]s a practical matter, the result reached here is undesirable." Doc. #14, p. 11. Nonetheless, as the magistrate judge pointed out, "the state district court should have, and could have, readily dispensed with the Second Application . . . [and] [i]ndeed, given the duplicative nature of Petitioner's state court filings, the state courts could have halted those filings by sanctioning Petitioner." *Id.* at p. 12. They did not and, as a result, petitioner's claims are not barred by the statute of limitations.

Petitioner failed to object to the magistrate judge's Report and Recommendation. He thereby waived his right to challenge the magistrate judge's recommendation that his request to dismiss the petition so that he could exhaust an actual innocence claim be denied. United States v. One Parcel of Real Property, 73 F.3d 1057, 1059-60 (10th Cir. 1996); *see* 28 U.S.C. §636(b)(1)(C). The court also agrees with the magistrate judge that plaintiff has failed to demonstrate that a dismissal is warranted.

Accordingly, the court **ADOPTS** Magistrate Judge Jones's Report and

Recommendation. Respondent's motion to dismiss [Doc. # 8] is **DENIED**. Petitioner's request to dismiss this action without prejudice also is **DENIED**. Respondent is directed to respond to the petition within **<u>thirty (30) days</u>** of the date of this order, consistent with the magistrate judge's prior order [Doc. #6].

       **IT IS SO ORDERED**.

       Dated this 18th day of April, 2016.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE