# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LEE EDWARD BOYD, | ) |
| Petitioner, | ) |
| vs. | ) NO. CIV-15-1236-HE |
| JIMMY MARTIN,[1] | ) |
| Respondent. | ) |

## ORDER

Petitioner, a state prisoner appearing *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 for relief from his state court conviction and sentence. Petitioner has also filed a motion to supplement the record with newly discovered evidence. The matter was referred to U.S. Magistrate Judge Bernard M. Jones for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). Judge Jones has issued a Supplemental Report and Recommendation (the "Report") recommending that the petition and the motion be denied. Petitioner has filed an objection to the Report, which triggers *de novo* review by this court.

The factual and procedural background of this case have been thoroughly and accurately addressed in Judge Jones' Report and Recommendation [Doc. #14][2] and

---

[1] Jimmy Martin has replaced Tracy McCollum as Warden of North Fork Correctional Center. As such, he is now the correct respondent. See <u>Jimenez v. Utah</u>, 665 F. App'x 657, 658 n.2 (10th Cir. 2016) (citing <u>Braden v. 30th Jud. Cir. Ct. of Ky.</u>, 410 U.S. 484, 494-95 (1973).

[2] References to filings with this court are to the CM/ECF document and page number.

Supplemental Report and Recommendation [Doc. #33]. That background generally reflects that petitioner was convicted by a jury of one count of first degree rape and four counts of lewd molestation of a child under sixteen with respect to one victim and one count of indecent exposure and one count of lewd molestation of a child under sixteen with respect to a second victim. Both victims were his nieces. In accordance with the jury's recommendation, the court ultimately sentenced petitioner to forty years for the counts related to the first victim and ten years for the counts related to the second victim, to be served consecutively. Petitioner filed a direct appeal to the Oklahoma Court of Criminal Appeals ("OCCA") which affirmed the judgment and sentence in a summary order. Petitioner has also filed multiple applications for post-conviction relief.

Each of petitioner's objections to the Report center primarily on his "newly discovered evidence" and how it demonstrates his actual innocence on the underlying counts against him.[3] Petitioner's newly discovered evidence is an affidavit from the second victim, who was eight years-old at the time of the most recent alleged acts of sexual misconduct. The affidavit states:

> The things I stated in court about Lee Edward Boyd was not true. As I became an adult I do not recall having any such memory of those things happening. I do not recall Lee Edward Boyd ever touching me improperly. I never had bad [memories] about my uncle.

---

[3] *Because petitioner appears* pro se, *his pleadings are construed liberally, but "the court cannot take on the responsibility of serving as the litigant's attorney."* Garrett v. Selby Connor Maddux & Janer, *425 F.3d 836, 840 (10th Cir. 2005) (citation omitted).*

Doc. 25-1. Attached to petitioner's objection to the Report is a notarized letter from this same niece which states:

> To whom it may concern, Lee Boyd did not ever in any way touch me. There was another man I would like to not speak of that did them things to me. Being 18 now and able to speak with out [sic] feeling scared I would like to let any one know it was not him.

Doc. 36-1.

Petitioner does not object directly to the Report's analysis of the four grounds for relief asserted in his petition, and the court is in substantial agreement with the Report's treatment of the various claims. However, because petitioner objects on multiple grounds related to new evidence, presumably but not necessarily directed at the Report's recommendation regarding the motion to supplement, each will be addressed further here.

Petitioner's first objection to the Report states that the "magistrate points out constitutional violation and plain error 'judicial biasness' and 'prejudicial opinion' made by the trail [sic] court." Doc. #36, p. 2. This objection is premised on the allegation that "the Magistrate Judge *opened the door* to a Constitutional violation occurrence done by the Trial Court during the federal round." *Id.* (emphasis in original). Petitioner argues that the recantation of testimony by his niece "constitutes newly discovered evidence and presented that Mr. Boyd's constitutional rights to a fair trial was clearly violated." *Id.* at 3. Petitioner further alleges that the trial court improperly bolstered the child witnesses' testimony, amounting to an abuse of discretion or misconduct by the court. Finally, petitioner believes that he may be denied the right to conduct discovery during post-

3

conviction proceedings which renders further state proceedings futile and requires granting his habeas petition.

To the extent that this objection is directed to the Report's recommended disposition of the petition, petitioner has not demonstrated a basis for relief. Likewise, petitioner has not presented a valid basis for avoiding the Report's conclusions as to the motion to supplement. "[A] claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." Herrera v. Collins, 506 U.S. 390, 404 (1993). Further, the "gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial." McQuiggin v. Perkins, 569 U.S. ----, 133 S. Ct. 1924, 1936 (2013) (quoting Schlup v. Delo, 513 U.S. 298, 316 (1995)).

Petitioner essentially argues that his niece gave false testimony which violated his right to a fundamentally fair trial. But the mere introduction of perjured testimony (if it was that) does not by itself rise to the level of a constitutional violation. U.S. v. Caballero, 277 F.3d 1235, 1243-44 (10th Cir. 2002); Tayborn v. Scott, 251 F.3d 1125, 1130 (7th Cir. 2001). To establish a due process violation, petitioner would have to show (1) the "testimony was in fact false, (2) the prosecution knew it to be false, and (3) the testimony was material." Caballero, 277 F.3d at 1243-44. The niece's affidavit upon which petitioner relies equivocates between alleging in one sentence that she testified falsely and, in the next two sentences, suggesting she cannot remember the events that were the basis for her testimony. This showing falls far short of one which would shake confidence in the

outcome of the trial. Further, petitioner has not made a sufficient showing of an alleged basis for a constitutional violation sufficient to warrant a stay of proceedings to allow him to exhaust state court remedies. Finally, petitioner's belief that the state would deny him the right to conduct discovery does not state a viable constitutional claim.

Petitioner's second objection is that "he is Actually Innocent due to judicial biasness and prejudicial opinion comments made by [trial] court." *Id.* at 4. Petitioner contends that because his niece "was old enough to leave her mother's supervision she wrote the affidavit to remove the alleged wrongful conduct that convicted an innocent man." The essential basis of this claim is actual innocence, with the reference to improper bolstering being directed more at his first and third objections. As noted above, a claim of actual innocence alone does not warrant habeas relief. Herrera, 506 U.S. at 404.

Petitioner also objects to the recommendation for dismissal "because he failed to recognize[] appellate counsel[']s and trial counsel's failures to recognize Trial Court's abuse of discretion." *Id.* p. 5. He asserts this a fundamental violation of his guarantee of right to effective counsel, in that trial counsel did not object to the "trial court vouching for the child witnesses" and appellate counsel did not raise ineffective assistance of trial counsel on direct appeal. *Id.* p. 6. He contends that if counsel had presented the proper arguments during critical stages of his state court proceedings "the outcome would have been different." *Id.* p. 7.

Petitioner raised the issue of ineffective assistance of trial counsel in his application for post-conviction relief. The court held this issue should have been raised on direct appeal and was therefore barred from further consideration. This is an independent and

5

adequate state procedural rule. Petitioner has not demonstrated cause for this default in raising the issue, nor has he shown actual prejudice sufficient to establish "that failure to consider the claim[] will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991). The court concludes that petitioner has not shown a basis sufficient to overcome this procedural bar to consideration of his ineffective assistance claim.

Even if petitioner's ineffective assistance of counsel claim was not procedurally barred, it would fail on the merits. In order to show ineffective assistance of counsel, a petition must show not only that his counsel performed deficiently, but that he was prejudiced by counsel's actions. Strickland v. Washington, 466 U.S. 668, 687 (1984). The prejudice element may be evaluated first if it is easier to dispose of the claim on that basis. *Id.* at 697. That is the case here. Apart from simply objecting to the judge's comments, petitioner has made no reasoned argument as to why those comments suggest a "reasonable probability" that the result of his trial or appeal would have been different. And no basis for such a conclusion is otherwise apparent.

Petitioner also objects that the "supplement report for denial of habeas petition holds petitioner to the standards of train[ed] counsel." Doc. #36, p. 6 He claims the "magistrate failed to liberally construe petitioner's petition, motion for expansion of record, and that as a layperson he would not recognize constitutional errors until they are pointed out by someone that is trained to recognize those violations of his constitutional rights." *Id.* pp. 6-7 (citations omitted). The court concludes otherwise. The magistrate judge both recognized and applied the liberal construction standard applicable to *pro se* pleadings.

6

Finally, petitioner objects to the Report because "there exists[] actual basis for this Court to grant[] the habeas petition; for violation of petitioner Boyd's constitutional [right] to [a] fair trial." *Id.* at 7. He argues "his conviction was void being a product derived from" perjured testimony, as demonstrated by his newly discovered evidence. *Id.* Petitioner argues he "should be granted the opportunity to present this exculpatory evidence showing his actual innocence." *Id.* He believes the Report "is an attempt to deprive and block petitioner's advancement of newly discovered evidence and violations of Constitutional rights warranting habeas review and [that it] would be an injustice of this Court and a violation of his constitutional rights of plain errors pointed out by the Magistrate Judge." *Id.* at 10.

As noted above, petitioner has not shown a basis for habeas relief based on an assertion of actual innocence. *See* Herrera, 506 U.S. at 404. Further, he has not set forth sufficient grounds to grant either his petition for habeas relief or his motion to supplement.

Accordingly, the Report [Doc. #33] is **ADOPTED** and the petition for writ of habeas corpus [Doc. #1] is **DENIED**. Further, petitioner's motion to supplement [Doc. #25] is **DENIED**. A certificate of appealability is also denied.

**IT IS SO ORDERED**.

Dated this 16th day of October, 2017.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE